*File on Demand*

FILED

2018 OCT 24  PM 3: 59

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES

**RS**

BY:_____

1

Pro Se Litigant.
Gantie (International Law Attorney)
Idea Factory Labs Limited
Post Office 333 E Arrow Hwy
Upland CA
General Delivery
Attention Guillermo Antonio Herrera Argueta
951 381 0936
ideafactorylabslimited@gmail.com

2

3

4

5

6

7

# United States District Court

8

9

For The Western Division

10

LA CV 18  09145 - JAK.-FFMx

11

12

District of Los Angeles, California United States of America

13

14

15

Idea Factory Labs Limited
Plaintiff

16

17

v.

18

19

Apple Inc.
Defendant

20

Case No.: _____

Initial complaint, Discovery, Causes Damages and Motions

21

## § A)                 <u>INTRODUCTION</u>

22

23

        Honorable connoisseur and to all parties of record involved. With utmost

24

respect, plaintiff hereto brings a first initial complaint against the public entity

25

of Apple Inc. Company that trades under ticker symbol AAPL on the NYSE and several

26

other global indexes like BIT and SWX. The transnational is a California based entity

27

located in Cupertino California. This complaint remarks malfeasances of jurisprudence;
criminal transgressions, addressing torts, and federal negligence.

28

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

## § B)                                 **JURISDICTION**

This court has presiding jurisdiction over this legal matter, hence the events took place within The United States of America, and State of California on Cities of Cupertino identified with the GPS coordinates. Latitude: 37.323 and Longitude - 122.0323 and the city of Upland California Latitude: 34.099619 Longitude: -117.67946. By this means plaintiff in good faith seeks to give solution at domestic level to the matter. Plaintiff already exhausted the administrative remedies within the public entity to solve the issues with no luck. True fact of the transnational existing in other countries other than the country in which headquarters is, the United States; extended territoriality exists in this particular case hence their business is conducted globally. *The Amoco International Finance Corp. Case*, 15 Iran-US C.T.R. 189 *(1987)*. Disregard the factual existence of extended territoriality, to respect the precedence of International Law Procedure; it is a must for plaintiff to exhaust remedies at domestic level, therefore jurisdiction pertains to the United States of America.

## § C)                         **JUSTIFICATION ON CLAIM**

A party may bring a claim against any entity, disregard if the entity is public e.g *Broadcom Corp. v. Qualcomm Inc.* 501 F. 3d 297 - Court of Appeals, 3rd Circuit *(2007)*. Disregard if the agency is private e.g *USSEC v. Deloitte Touche Tohmatsu CPA Ltd.* 928 F. Supp. 2d 43 - Dist. Court, Dist. of Columbia *(2013)*, disregard if governmental *Hayden v. National Sec. Agcy./Cent. Sec. Serv.* 608 F. 2d 1381 - Court of Appeals, Dist. of Columbia Circuit *(1979)*.
government entities like the bureau itself *Antonelli v. FBI* 721 F. 2d 615 - Court of Appeals, 7th Circuit(1983) or cases like *Assassination Archives and Research Ctr. v. CIA* 334 F. 3d 55 - Court of Appeals, Dist. of Columbia Circuit *(2003)*. Extended Liability beyond entities falls to nations *Colombia v. Peru* -> Haya de la Torre Case, (1951) I.C.J. Rep. 71, I.C.J. 71 Court of Appeals (1951); at international level *Bradley v. Wingnut Films Ltd,* N.Z.L.R.1 415. (1993). Plaintiff's claim is brought in good faith. This initial complaint is intended to seek justice for the harm Apple Inc.

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

did against plaintiff. This initial brings causes forward against Apple Inc. Plaintiff by opting to exercise "*The Right to Sue*" *Baines v. Babcock*, 95 Cal. 581, 27 P. 674 (1892). "*Everybody is in the capacity of suing*" *THE BLACKWALL* 77 US 1, 19 L. Ed. 870 - Supreme Court (1869); *Barnstead v. Empire* Min. Co. 5 Cal. 299 - (1855). **Apple Inc. is sued in it's official capacity. Plaintiff here in brings causes forward against Apple In. (see §F)** in this document.


        Nobody is immune in light of the law, whether is common law, federal law, military law or international law. Some contradictory patterns are identified between Military Law vs. International Law for when Military Law, supported by Federal Policy under United States Jurisdiction by previous decisions within United States Court System, make some high rank officials in The United States military immune. **Public entities don't fall under this indemnity clause.** Disregard the disposition on a case a party may bring causes against any entity in which liability exists *Klein v. Pyrodyne Corporation* 810 P. 2d 917, 117 Wash. 2d 1 - Wash: Supreme Court *(1991)*. Plaintiff seeks justice to the existent transgressions and to assess such liabilities. Furthermore to exercise. ***The right to not suffer injustice*** *Laws of Nations Vattel Chapter VII Of Commerce (1758)* §65

        *"Nature would give us a right not to suffer from suffering injustice"*
Any person has the right to an actionable cause against other parties *Rafael v. Verelst, 96 Eng. Rep. 621, 2 W. Bl. 1055 (1776); Roberts v. Knights, 7 Allen 449, 7 Allen (Mass.) 449 (1863); Edgerly v. Bush, 81 N.Y. 199 (1880); Godard v. Gray, 6 Q.B. 139 (1870); Conflicts of Laws Beale Volume 1.* Right of Action *Pennoyer v. Neff* 95 US 714, 24 L. Ed. 565, 24 L. Ed. 2d 565 - Supreme Court (1878).

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

§ D)                              **BACKGROUND**

On 2012 Plaintiff Idea Factory Labs Limited represented by Guillermo Antonio Herrera Argueta herein referred to as Gantie Computer Scientist (Harvard University online), Jurisprudence Masters 10 years and Government Studies, California Criminal law, Civil, Constitutional, Federal, and International Law (Louvain University) a visionary entrepreneur, scholar of many branches of the tree of knowledge known as eugenics, a stock broker and market watcher herein referred to as **"plaintiff"** a lawful emigrant inbound to the United States, victim of several malfeasances of jurisprudence when submitting his ideas as a stockholder to Apple Inc. plaintiff designed iPadMini. The innovation did not lack novelty *United States v. Adams 383 US 39, 86 S. Ct. 708, 15 L. Ed. 2d 572 - Supreme Court (1966)*. The original and initial concept / patent was donated to the company as courtesy to establish long term business relationships, this was accomplished through social media, the transfer of ownership was done though twitter, not in verbal manner *Gates Iron Works v. Fraser 153 US 332, 14 S. Ct. 883, 38 L. Ed. 734 - Supreme Court, (1894)*. Plaintiff in good faith driven by animus donandi assigned the first patent to Apple Inc. *Boesch v. Graeff 133 US 697, 10 S. Ct. 378, 33 L. Ed. 787 - Supreme Court (1890)*. Hand drawn rough drafts and digital sketches were sent out inbound to Apple's SMTP Serves. At the time of the transgressions plaintiff an alien, now after a decade plaintiff pledge religion to the flag of the United States of America. Disregard the emigrations status of a person *an alien may own, design and develop patents Shaw v. Cooper 32 US 292, 8 L. Ed. 689 - Supreme Court (1833)*. an inalienable right in The United States of America, country in which the intellectual property of many of plaintiff's projects is held. A person is authorized to own property as per California Penal Code §671. Plaintiff continued to design products and reserving the rights to the them, including the rights to distribution, manufacturing and other rights. A person has the inalienable rights of selling and profiting from it's property *Laws of Nations Vattel Chapter VII Of Commerce (1758)*. *§89 "Right of Selling"*. Plaintiff was deprived from this right as specified more in detailed later on on section **§F** on this document. Plenty of the products put out for

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

sale on the market, globally by the transnational were trolled from plaintiffs

intellectual property. **It is a fact that the transnational is selling the products**

**globally.** A patent for an invention is as much property as a patent for land. *"The*

*right rests on the same foundation, and is surrounded and protected by the same*

*sanctions. Neither an individual nor the public can trench upon or appropriate what*

*belongs to the other."* Consolidated Fruit-Jar Co. v. Wright

*94 US 92, 24 L. Ed. 68 - Supreme Court (1877).*

   This products were produced by the imagination of the innovator in this case the

plaintiff. The public entity Apple Inc. profited out of them, globally. The

transnational abused the kindness of plaintiff and produced other products based on

the patents plaintiff designed. This **not** donated to the company yet, produced and

innovation pertaining to plaintiff's intellectual property willfully trolled. *Johns*

*Hopkins University v. CellPro, Inc. 152 F. 3d 1342 - Court of Appeals, Federal Circuit*

*(1998)* Apple Inc. generated substantial market capital from the products. Plaintiff

bonafide idea was to implement new features and modify products, processes for

existing system including security algorithms to safeguard the privacy and protect the

company's customers. *"Any modification to an existing process or product may be*

*patentable"* Paramount Publix Corp. v. American Tri-Ergon Corp. *294 US 464, 55 S. Ct.*

*449, 79 L. Ed. 997 - Supreme Court (1935).*

        Apple Systems are UNIX based, their kernel: Darwin is a modification to the

original ones from the URL https://www.kernel.org/ "kernel" defined as the most basic

level or core of an operating system of a computer, responsible for resource

allocation, file management, and security. The software fundamental which allows a

system to operate logically, the portion of software which makes hardware functional

between user interaction and components.  Originally "The Kernel" created from AT&T

and Linus Torvalds. Apple Inc. systems operates on modified open source software.

Rooted inventions that branch from the GNU license. The license allows users to modify

the existing code at your convenience and sell it. The open source software culture.

This may be found in the URL  https://www.gnu.org/licenses/gpl-3.0.en.html

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

Plaintiff developed for the Linux Community for 19 years as well an independent developer for Apple Incorporated, as Apple Developer plaintiff cooperated in the development of application like SIRI which beta version was tested on iPhone 3Gs devices, this secret not known to the public and the masses. The company later restricted the use of Siri on 3Gs devices and offered it new feature on iPhone 4, **a marketing principal**. The first versions of Siri was developed and tested on plaintiff's iPhone 3Gs. First Queries on the Siri servers were made by plaintiff's iPhone at Chilis Montclair Plaza and near Upland CA. This linked to his iCloud account. Plaintiff innovated for the technology community not just for Apple Inc. all his life; after the first gift to Apple Inc. the company claimed ownership of plaintiff's innovation. The modification to an existing product or process constitutes a new version of a product as per the Company's culture; by outputting generations of the products which contained the original functionality within components implemented to the evolution of the devices made available to the masses as next releases containing plaintiff's intellectual property. Plaintiff became victim of white collar crimes.

"*Any modification to a process may be patented.*" *Whelan Associates v. Jaslow Dental Labor.* 609 F. Supp. 1307 - Dist. Court, ED Pennsylvania (1985). **Plaintiff was deprived from this benefit.** The implementation of physical components (hardware) designed by plaintiff to the integration of Apple Products was trolled by the company. **The constitutional theft of benefiting from others intellectual property became factual.** Ideas are intangible assets, this assets become patents. The patents were pending. New versions of this products were made available to the masses for lucrative purposes. The products then solidified intangible assets became tangible assets, which the company profited out of. The company acted with animus lucrandi and animus malus. The company for a period of six years profited by out of plaintiff innovation by implementing the new features plaintiff designed. Plaintiff never benefited from profits in which he was entitled to. *Universal Pictures Co. v. Harold Lloyd Corporation* 162 F. 2d 354 - Circuit Court of Appeals, 9th Circuit (1947). **The public entity's animus furandi was factual**. Apple Inc. animus et factum was to profit out of a foreign to their proprietary intellect. The features were implemented not only on

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

iPad Mini which continued to evolve. To today's date the public use of the patent is factual. A patent is to be in public use if the product is in circulation *Smith & Griggs Mfg. Co. v. Sprague 123 US 249, 8 S. Ct. 122, 31 L. Ed. 141 - Supreme Court, (1887).*

The features were implemented on the following products. **iPhone 5S**, **iPhone SE**, **iPhone 6**, **iPhone 6 Plus**, **iPhone 6S**, **iPhone 6S Plus**, **iPhone 7**, **iPhone 7 Plus**, iPad mini 2, **iPad mini 3**, **iPad mini 4**, **iPad Air 2**, **iPad Pro 12.9 1G**, **iPad Pro 9.7**, **iPad Pro 10.5**, **iPad Pro 12.9 2G iPad (2017)**, **iPad (2018)**, **iPhone 8**, **iPhone 8 plus** added any Apple product which is excluded from this list which was not approved for sale in the United States of America though **touch ID capable. Touch ID was plaintiff's idea.** This idea implements biometric capability recognition to the devices. "*Touch ID" is a fingerprint recognition system. It scans fingerprints of the user, for when touched and or pressing the home button of the device. The feature was designed and released under Apple Inc. making the company liable, as per advertised in several sites like* https://en.wikipedia.org/wiki/Apple_Inc. The products itself as per the printed text on the back of the design. **Some** products read "*Designed in Cupertino California"* which is sham. **The device was designed in Upland California.** Utilizing deceptive practices on representation on designations of geographic origin in connection with goods, is a transgression to **Civil Code §1170 describes deceptive practices.** This feature was designed with the objective in mind to secure the identity of the users and provided top notch service to Apple users, **to later develop the market for government.** This included special made builds versions of the iOS, OSx and Hardware. The feature allows users to unlock Apple devices utilizing their biometrics in this case fingerprints. The feature and project evolved, the transnational later implemented Apple Pay with the fingerprint scanner. **The scope of the project was to reduce cash transactions and to successfully do financial transactions by utilizing a person's biometrics, mainly banking. This concept developed with animus of ameliorating white collar crimes like money laundry schemes and drug purchases with cash.** It was first implemented at the Apple iTunes Store then the App Store, followed by iBooks Store later on morphed and evolved to Apple Pay which is now globally accepted in several establishment for commercial purposes. The feature now part not only of iOS but OSx devices since 2012,

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

1  later in 2015, Apple introduced a faster second-generation Touch ID in the iPhone 6S;

2  a year later implemented to OSx devices like MacBook Pro.

3      The original iPad Mini (The gifted patent) didn't have this feature

4  implemented, it was a rushed to production, a prototype; Plaintiff's original design

5  depicted the dimensions and the idea of the creation of a smaller hand held device, as

   per the original file designed by plaintiff. The product was an overnight **widespread**

6  **success** _Diamond Rubber Co. of NY v. Consolidated Rubber Tire Co._ _220 US 428, 31 S. Ct._

7  _444, 55 L. Ed. 527 - Supreme Court (1911)_. It is a fact that plaintiff's innovation

8  was implemented. The innovations did follow the same pattern, giving plaintiff grounds

9  on innovator rights. _Bennet v. Fowler_ _75 US 445, 19 L. Ed. 431 - Supreme Court (1869)_

10 _"If the improvements set forth in both specifications had been incorporated into one_

11 _patent, the patentee taking care to protect himself as to all his improvements by_

   _proper and several claims, it would have been sufficient… The improvements were_

12 _embraced in one, in the original patent"._

13

14     **The generations of the Apple products followed a succession pattern of**

15 **outputting new versions of the original concept design.** The application of

16 intellectual property when implementing new components and features onto existing ones

   was an unlawful act that transgressed onto plaintiffs rights. Patent laws and

17 innovator rights apply to every version of the products _Stimpson v. Woodman_ _77 US 117,_

18 _19 L. Ed. 866 - Supreme Court (1870)_. _"Inventions secured by letters patent are_

19 _property, and as such they are under the protection of the Constitution of the United_

20 _States and the laws of Congress. When duly secured in that way the patentee acquires_

21 _the exclusive right, if the invention is a machine, to make and use the same and to_

22 _vend it to others to be used during the entire term for which it was granted, as_

23 _provided by law"; Gandy v. Main Belting Co._ _143 US 587, 12 S. Ct. 598, 36 L. Ed. 272 -_

24 _Supreme Court (1892)_. **"Right of the patentee to his invention should not be denied by**

25 **reason of the fact that he had made use of it, or put it on sale abroad".** For if it's

   a new process to be implemented may be patententable. The idea, a bona-fide innovation

26 which de facto generated profits. _"Process, mode, or method"_ _Corning v. Burden_ _56 US_

27 _252, 14 L. Ed. 683, 12 S. Ct. 949 - Supreme Court (1854)_.

28 **INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

"*Any variation of the product facsimile belongs to the imagineer / innovator*"
*O'REILLY ET AL. v. MORSE ET AL. 56 US 62, 14 L. Ed. 601, 1853 US LEXIS 273 - Supreme
Court (1853)*. The products the transnational is profiting from, are de facto being
traded at international scale. Foreign Trade then defined: *Laws of Nations Vattel
Chapter VII Of Commerce (1758)* §85 *The Utilities of Foreign Trade*. Though the product
did not have all the designed features implemented, it's similitude in design to the
original (iPadMini) is factual, therefore it may be claimed as infringement *Standard
Havens Products v. Gencor Industries 953 F. 2d 1360 - Court of Appeals, Federal
Circuit (1991)*. There was never a first initial design for iPadMini. The current
versions as of today's date being sold by the transnational was the original concept
designed by plaintiff which is the current one for sale on the market which has **the
Apple Pen.** When adopting the elements designed by plaintiff Apple Inc. trespassed.
Disregard the fact of the iPad Mini not being Apple Pen capable as of today's date
implemented Apple in fact did adopted this elements. "*When a party has invented some
mode of carrying into effect a law of natural science or a rule of practice, it is the
application of that law or rule which constitutes the peculiar feature of the
invention*". *Sewall v. Jones 91 US 171, 23 L. Ed. 275 - Supreme Court (1875)*. **FACT:
The existing discrepancy between the dates of creations of the files which depict the
concept of the patent is significant. The metadata of the original file sent from
plaintiff to Apple is factual. Metadata defined as the binary part of the file in
which information is collected and outputs (1)information about the date the digital
file was created, (2)the software in which the digital file was created, (3)the
platforms of the device used as medium in which the file was created and even (4)the
hardware and version of the software used to create the digital. Comparing the dates
release versus file presented as evidence proves plaintiffs claim to be plausible. The
ownership of the innovation then proven.** For marketing purposes Apple Inc. applied a
marketing technique of dissecting features vs. implementation and product release. The
original design had all the new features contained in the original design which
included the Apple Pen. a current feature a first component introduced later as a
component. The original design was done utilizing open source software **InkScape vector
graphic production software from the UNIX** foundation on a Linux operating system

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

Fedora. This may be corroborated on the metadata of the digital file which contains the intellectual property of the original design which is contained within plaintiff's iCloud account. This account is compromised and hacked. The company has failed to aid plaintiff in unlocking the account after exhausting administrative remedies and calling their customer service. Plaintiff can prove the ownership of the account. Apple's Inc. **apologetic behavior factual** when asked to cooperate.

## § E)                     STATUTE OF LIMITATIONS

The statute of limitation for plaintiff to bring a plausible causes are within valid period of time. Just the hint of bringing a suit forward against an entity is enough to state factually of the intentions of a party to bring legal causes forward and to extend the time period for if needed, *Standard Oil v. Nippon Shokubai Kagaku Kogyo Co. 754 F. 2d 345 - Court of Appeals, Federal Circuit (1985)*. Plaintiff earlier this year attempted Asses Truth Before Igniting Legal Procedure (A.T.B.I.L) Pursuant to California Penal Code §1054(a). Plaintiff through electronic means attempted to contact Apple Inc. by sending an email at legal@apple.com this were failed attempts. **The database transactions on the email accounts a solid evidence of plaintiff intentions to open a claim added an electronic judicial notice.** The claim still within the valid legal window of bringing clauses forward henceforth plausible. Some statue limitations of the causes brought forward may begging at any time.

## § F)                          CAUSES

### § F-1)          CRIMINAL CAUSES ROOTED ON THE EVENT

For every transgression, vexation, or trespassing to a statues "Penal Power to award constitution, liability of defendant" *People v. Jackson (1938)*. The company for a prolonged period of time, continued their deceptive practices and the criminal negligence became factual onto breaching several statues of the law. Not only by trolling patents, but furthermore by trespassing on several counts of fraud, embezzlement, and conspiracy.

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

**§ F-1-1)**                              <u>**FRAUD BY DECEIT**</u>

　　　Plaintiff herein brings initial causes for fraud by deceit against Apple
Inc. Plaintiff was victim of fraud by deceit *Coscia v. McKenna & Cuneo* 25 P. 3d
670, 108 Cal. Rptr. 2d 471, 25 Cal. 4th - Cal: Supreme *(2001)*. Fraud defined in
California Penal Code §8. Plaintiff when submitting the idea to the company,
the public entity replied with a unsolicited idea policy. The company ignored
to interpret properly laws that safeguard the integrity of mindsets which will
protect the innovator and person's intellectual property. Negligence on policy
interpretation and the application this statues. *"Policy of*
*interpretation"* *Shay v. Roth*, 64 Cal. App. 314, 221 P. 967 (1923).

　　　**The company's animus defraudare by deceiving becomes a fact.** *"The United*
*States Supreme Court has endorsed the fraud-on-the-market principle, and*
*federal courts routinely apply it to compensate the victims of securities fraud*
*in actions brought under federal securities laws"*. *Mirkin v. Wasserman* 858 P. 2d
568, 5 Cal. 4th 1082, 23 Cal. Rptr. 2d - Cal: Supreme (1993).

　　　If internal company's policy transgresses on a criminal statute of the
law and corporate precedence are not reasonable, the company then itself it's
liable for it's transgression *Block v. Tobin* 45 Cal. App. 3d 214, 119 Cal. Rptr
- Cal: Court of Appeal, 1st *(1975)*.   *"Public rights will not be relinquent or*
*conveyed away by inference or legally contradictory"* *Hall v. Geiger-Jones Co.*
242 US 539, 37 S. Ct. 217, 61 L. Ed. 480 - Supreme Court *(1917)*. A public
entity shant convey away a person's rights, **added fact: Legislature superseeds**
**corporate policy and policy hierarchy respected as precedence. The company by**
**deceiving, de facto transgresses.** *"Laws to remain in force"* *Blevins v.*
*Mullally*, 22 Cal. App. 519, 135 P. 307 (1913). Statements in advertising
communicated by means of other mass media and cannot be used to avoid animus
inducendi. As a stockholder plaintiff was entitled to engage in business and
bring intangible assets to the table, *"Any party may wills to exercise its*
*right to engage in business"*. **Angelopulos v. Bottorff,** 245 P. 447, 76 Cal. App.
621, 76 Cal. 621 (1926).

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

Apple's company policy attached the URL link which contains the companie's policy https://www.apple.com/legal/intellectual-property/policies/ideas.html

**The factual bogusness within the unsolicited ideas policy** are deceiving lies. CJS Patents §149 Public Policy fraud and illegality. *Martin & Wolff §154-1 §156 Law evasion through artificial creation of points §423* For if a corporation's policy is compromised as liable for criminal transgression, the corporation then must omit it's internal policy hence criminal and constitutional policy overwrites corporate policy, else if a company is identified as a criminal corporation. *"Enforcement of the law applies as a tortious liability" Isenberg v. Sherman* 298 P. 1004, 212 Cal. 454 (1931). Govt Tort Liability §10.55-1058. De facto A Government tort exists later on pled on §H in this document.

*"Public employee liability for injury proximately caused by his own negligent or wrongful act or omission,"* **Apple Inc. is not exonerated from their liability to employees transgressions** Government Code §§ 820.8-820.9. Moral turpitude, dishonesty or corruption a cause §6101 Business Code de facto defined by the transnational. *"Criminal Negligence is not to be ignored" Ward v. K Mart Corp.* 554 NE 2d 223, 136 Ill. 2d 132, 143 Ill. Dec. 288 Ill: Supreme Court (1990). As a stockholder plaintiff is entitled to bring ideas to the board. *"Stock brokers rights" Abrams v. Daugherty,* 60 Cal. App. 297, 212 P. 942 (1922). Plaintiff as stockholder is entitled to inspect *Mooney v. Bartenders Union Local No. 284* 48 Cal. 2d 841, 313 P. 2d 857, 313 P. 857 - Cal: Supreme Court, (1957). Plaintiff as stockholder has the right to sue *Turner v. Fidelity Loan Concern* 2 Cal. App. 122, 83 P. 62 (1905). The policy of the company is fraudulent on grounds that it lack sufficient information. Fraud by insufficient information. The company policy doesn't take under consideration the variable **"for if shareholder true"** there is nothing stating the negation of such to engage in business, it facilitates embezzlement and fraud.

*"Administrative discretion must be controlled by legislature rule this means that the corporate policy is to be controlled by statutes of the law." Arwine*

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

*v. Board of Medical Examiners*, 91 P. 319, 151 Cal. 499 (1907). The company policy is defective referring to the fact that is bogus when not considering shareholders part of the equation.  As a shareholder you own part of the company. Ideas and intellectual property that were de facto implemented by the company. Ideas are assets. A party has the rights to benefit from the implementation their intangible assets. Any design, copyrights, patent, or digital file is considered an intangible asset. *"Supreme Court recognized the right of stock investors to bring a common law action for fraud"* *Small v. Fritz Companies, Inc.* 65 P. 3d 1255, 132 Cal. Rptr. 2d 490, 30  Cal: Supreme (2003). **Civ Code §1170 describes deceptive practices,** unfair methods of competition and unfair practices. The company by implementing ideas and cutting the submitting party off profits engages in deceptive practices.

## § F-1-2)                 EMBEZZLEMENT

The Patent was sent to the media department and to public relations and the CEO within the company as per the database transaction records of mrgant@me.com plaintiff's email. The email sent was never answered by the CEO Tim Cook. The company just replied with a policy de facto fraudulent. A conspiracy to embezzle and engage in criminal activity then unfolded through email *US v. Musacchio* *Court of Appeals, 5th Circuit (2014).*   Plaintiff attempted to contact the CEO of the company Tim Cook and communicated animus to establish a long term business relationship with the company. The attempts to negotiate were in good faith and with animus of discussing numbers. Events later unfolded at rapid pace. The products and feature then were implemented. **The embezzlement of the funds generated of the trolled patent was factual. Fact: the transnational generating market capital and profiting, true statements. Plaintiff had no monetary retribution for its efforts.** Plaintiff's goal was to safeguard the integrity of the users. Plaintiff's intention were to secure the user's identities by creating the Touch ID feature. Disregard if the idea was solicited or not **plaintiff enjoys stockholder rights onto decision of making and benefitting from profits sharing and innovator rights.** Plaintiff saw

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

the necessity of implementing the modification on the products as per current cyber threats and SSL (Secure Socket Layer) vulnerabilities on computers and UNIX Capable devices. **The ideas was needed over solicited.** A case scenario example: "A person is found unconscious on a sidewalk. An ambulance takes this person to the hospital. The person did not solicited the service yet the person is taken to the hospital to be attended. The person later gets billed by the hospital for the services rendered. **The factual existence of giving solution to an immediate scenario was needed; rather than solicited.** This example gives plaintiff justification on safeguarding the integrity and identity of its customers and investors. **The existence of the vulnerability on SSL (Secure Socket Layer) when encrypting passwords is factual.** Hackers as of the date are able to "sniff" passwords "sniff" herein in defined as a term form the computer science community as the act of decrypting what you type on a password field the password.  This raises privacy concerns concerning users. De facto a negligence to California Penal Code Plaintiff §502 for if nonconsensual and not proprietary owner of the monitored network. Plaintiff seeks to recover all profits that pertain to his intellectual property as per California Penal Code §511 *"Unlawful retention of the property of another to offset or pay demands held against him".* Recuperation of such profits may begin at any time. *US v. OBILO Court of Appeals, 4th Circuit (2011).*

**The rights to the intellectual property were reserved as per the evidence of the original files.** The recently implemented Apple Pencil was also a feature designed in 2012 by the plaintiff. The implementation of fingerprint scanners to Apple products was factual. **Embezzlement of profits generated from the sales of the products in which the idea was implemented to Apple products is a fact.** Plaintiff seeks to recover this market capital. The sole idea bonafide in conception was taken away from plaintiff. **De facto embezzlement of intellectual property. The idea depicted the first biometric capable handheld device in the industry, new to Apple Products.** Transgressions to **U.S.C Title 17** were evident. Plaintiff modified existing products and designed new products *"Any modifications to a process may be claim as a bonafide invention" Diamond v.*

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

*Diehr* 450 US 175, 101 S. Ct. 1048, 67 L. Ed. 2d 155 Supreme Court (1981). For every hardware innovation, there must exist software, for software to exist there must be a logical thought of the programmer which thought of the process. For hardware to exist, the thought... an idea of the thinker must take place. An idea is everything, without the initial idea and the efforts of the thinker the innovation wouldn't take place. *"Any modification to the process may be a patentable asset"* *Gottschalk v. Benson* 409 US 63, 93 S. Ct. 253, 34 L. Ed. 2d 273 - Supreme Court (1972). "A modification to the product an be claimed as a new patented product". *Murphy v. Eddie Murphy Productions, Inc.* 611 F. 3d 322 - Court of Appeals, 7th Circuit (2010).

Plaintiff as a market watcher took screenshots as evidence of the company's proceedings for when the idea was sent out to the company. The Screen Shots Metadata integral in its binary composition, preponderant evidence to the milestone within the company. **This screenshots are evidence.** Overnight from when the idea arrived to to Apple's Inc Servers. The Intellectual property was embezzled from plaintiff and implemented on the devices by some within the company. Employee Willful Misconduct then defined. *Myers v. Industrial Acc. Com.,* 191 Cal. 673, 218 P. 11 (1923); *Diestelhorst v. Industrial Acc. Com.,* 32 Cal. App. 771, 164 P. 44 (1917). The act of breaching, breaking or trespassing on a statue of the law shall be considered misconduct. The idea was trolled, though intellectual property was not patented. The rights to the invention were reserved, for if an idea was implemented and not patented. The imagineer of such is entitled to its rights *Rite-Hite Corp. v. Kelley Co. Inc.* 56 F. 3d 1538 Court of Appeals, Federal Circuit (1995). The product, physical patent and software process were not licensed yet plaintiff is entitled to bring a plausible claim *"Disregard if the idea was licensed or not"* *Oracle Corp. v. SAP AG* 765 F. 3d 1081 - Court of Appeals, 9th Circuit (2014).

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

### § F-1-3) PROPERTY RIGHTS: <u>PATENT TROLLING AND COPYRIGHTS INFRINGEMENT</u>

For if an idea is implemented an a person deceived, deprived from its rights to profit from it, who's intellectual property pertains to an original innovator, a person has been deprived from its rights. When implementing an idea foreign to your ownership the act of intellectual property theft is defined. A patent then trolled. A person shall be entitled to patent **for if novelty true.** De facto the patent was up for sale. _Poly-America, LP v. GSE Lining Technology, Inc._ 383 F. 3d 1303 Court of Appeals, Federal Circuit (2004)."_The first sale doctrine allows owners of copies of copyrighted works to resell their copies without restriction_" _Apple Inc. v. Psystar Corp._ 658 F. 3d 1150 - Court of Appeals, 9th Circuit (2011).   **De facto Apple Inc. selling something foreign to their original works transgresses.** "_Copyrights misuse is a judicially crafted affirmative defense to copyright infringement, derived from the long-standing existence of such a defense in patent litigation_". The patent misuse defense was originally recognized by the **Supreme Court in 1942,** in holding that "_The owner of the patent on a salt tablet machine could not require licensees to use only unpatented salt tablets sold by the patent owner_". _Morton Salt Co. v. G.S. Suppiger Co._ 314 U.S. 488, 62 S.Ct. 402, 86 L.Ed. 363 (1942). **Attached the original Morton Salt Containers as historic relic from the case** (historic pieces of history as evidence) Apple. Inc. Trespassed on inalienable rights of plaintiff...copyrights hence the product was designed for commercial purposes opposing non-profits. The nature of the copyright designs for mass production and the generating market capital. The Court stressed that "_The sine qua non of copyright is originality_". _499 U.S. at, 111 S.Ct. at 1287._ "_Facts, whether alone or as a part of a compilation, are not original and therefore may not be copyrighted._" _499 U.S. at, 111 S.Ct. at 1290._ Drawing upon the requirement of originality and the definition of "_compilation_" in the Copyright Act. "_The Court held that a compiler's_

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

*selection, arrangement and coordination, if original, are the only protectable elements of a factual compilation". 499 U.S. at 111 S.Ct. at 1289. BellSouth Adv. & Pub. Corp. v. Donnelley Info. Pub. 999 F. 2d 1436 - Court of Appeals, 11th Circuit (1993).* The nature of the transgression de facto international, hence the company benefits globally from the implemented innovation. *"Congress carefully designed the statutory framework of federal copyright preemption. In order to insure that the enforcement of these rights remains solely within the federal domain, section 301(a) of the Copyright Act". Computer Associates Intern., Inc. v. Altai, Inc. 982 F. 2d 693 - Court of Appeals, 2nd Circuit (1992).* A person as itself enjoys the Freedom of profiting from an invention: *"Every man and every nation being perfectly at liberty to buy a thing that is to be sold, or not to buy it" **Laws of Nations Vattel Chapter VII Of Commerce (1758) §89 Right of Selling.*** For when defendant outputted a version of each product with the new feature implemented, Apple Inc. trespassed on infringement not only one count. ***"Plaintiff is entitled for each repetition of the unlawful act".*** *Canatella v. Van De Kamp 486 F. 3d 1128 - Court of Appeals, 9th Circuit (2007).*

## § F-1-4)      UNFAIR BUSINESS PRACTICES AND COMPETITION

A "fair use" of copyrighted material is not infringement. A fair use of the copyrighted material would have implied remuneration, spitting profit or a negotiated percent for unit sold, in a **win<->win** situation. Failing to establish a **win<->win** situation gives grounds to raise the concerns of unfair business practices and competition. **The skyrocketing sales reflected up in the charts, a fact.** Plaintiff is entitled to earn profits of its copyrighted works. ***BMG Music v. Gonzalez*** *430 F. 3d 888 - Court of Appeals, 7th Circuit, 658 F. 3d 1150 - Court of Appeals, 9th Circuit (2005); Power Controls Corp. v.Hybrinetics, Inc., 806 F. 2d 234, 240 (CA Fed. 1986)* Touch ID was a fully implemented and a fully functional design. Plaintiff as stockholder, for when holding ownership of the company has the right to address the board of director

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

and negotiate profit sharing on the revenues generated.  Any Person has the
Right to compensation for their original works *Western Indemnity Co. v.*
*Pillsbury*, 170 Cal. 686, 151 P. 398 (1915).

§ F-1-5)                               **CONSPIRACY**

        *"The essence of a conspiracy is defined as two mindsets in the agreement*
*of the commission of an unlawful act. This is enough to sustain a conspiracy".*
*Smith v. US* 133 S. Ct. 714, 568 US 106, 184 L. Ed. 2d 570 Supreme Court (2013).
        **No statute limitation applicable to commence onto resolving a conspiracy.**
This elements to suffice the existence of a conspiracy are factual on grounds
of the plethora of transgressed statutes of the law by Apple Inc. and company
employees as accessories. They were many parties involved in the
transgressions. Just the intent is a necessary to suffice the elements of this
crime.  **United States v. Ching Tang Lo**, 447 F.3d 1212 (Court of Appeals 2006).
        California Penal Code §182(3)(4)(5) which defines conspiracy to cheat and
defraud a person or  **U.S.C Title 18 §371** on Federal Policy. Liabilities of the
corporate entity factual. Corporation liable on criminal transgression or other
transgressions *United States v. Park (1975)* 421 US 658, 95 S. Ct., 44 L. Ed. 2d
489 - Supreme Court (1903). The factual implementation of someone else's
intellectual property for financial gain and blinding the original innovator
from financially benefiting from such invention is an act that transgresses on
California Penal Code §967 Which depicts Theft or conspiracy. The proceedings
against this corporation are unlawful as per California Penal Code
§892

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

§ F-1-5-1)                     **CONSPIRACY TO EMBEZZLE**

By utilizing misleading intentional statements and in connection with the below pled conspiracies, the transnational conspired to embezzle. Plaintiff to today's date have not financially benefited from its intellectual property; past beyond the element of an attempt defined in California Penal Code §663 violating §503 of California Penal Code Apple Inc. profited out of something foreign to their intellect, injuring plaintiff's finance in great manner.

§ F-1-5-2)       **CONSPIRACY TO OUTPUT FALSE FINANCIAL INFORMATION**

Apple Inc. disappeared the transaction records in which the company was selling shares for +-$600.00 before a stock split that took place on a 7-for-1 basis on **June 9, 2014**. The market capital became dubious. Giving grounds to make the claim for conspiracy to be plausible.  Before sending out the idea to the public entity, plaintiff purchased shares through a broker **Scottrade. The account and the transactions records on the account, for if running digital forensics gives preponderance to plaintiff's claims for conspiracy as evidence.**  The account solid and reliable evidence *King Instruments Corp. v. Perego 65 F. 3d 941 - Court of Appeals, Federal Circuit (1995).*

Plaintiff waived the liability on being part of a scheme and sold his shares which allowed plaintiff to claim ownership of the company. Plaintiff was avoiding a legal liability. Personal Liability of the stockholder is existent. "*This liability was first imposed by statute. Later, a substantially similar provision was inserted in the Constitution. While both were in existence, the court held the liability was imposed by both the statute and the Constitution. Gardiner v. Bank of Napa, 160 Cal. 577 117 P. 667;* for when plaintiff realized that there was fraud in progress plaintiff waived the liability by selling ownership of the company.  *Hiller v. Collins, 63 Cal. 235 (1883).*

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

1

Plaintiff state of mind taken into account which was "**For until the**

2

**company not in good standings and while on Federal Investigation, to choose not**

3

**to do business with the company. Plaintiff reported promptly to the authorities**

4

**about the negligence to comply with official duty of honor. CIA report number**

5

**#9Z7GFE5V and #K8SKDSKE** proves this statements. The company outputted false

6

financial information *US v. Green 592 F. 3d 1057 - Court of Appeals, 9th*

*Circuit (2010)* while an **Insider Trading Scheme on the NYSE** was unfolding.

7

8

The CIA was made aware of. Conspiracy to output false financial

9

Information Transgressions to **California Penal Code § 530.9 and U.S.C Title 18**

10

**§371** as  *US v. Mahaffy 499 F. Supp. 2d 291 - Dist. Court, ED New York (2007).*

11

Consequently jeopardizing the integrity of everybody in the company. **C.J.S**

**§895-896 False Reports on corporations** *Mt. Konocti Light & Power Co. v. Thelen*

12

*170 Cal. 468, 150 P. 359 (1915).*

13

14

§ F-1-5-3)        <u>**CONSPIRACY TO COMMIT FRAUD BY SECURITIES EXCHANGE**</u>

15

16

The transnational became liable for conspiracy to commit fraud by

17

securities exchange *US v. Rajaratnam 719 F. 3d 139 - Court of Appeals, 2nd*

18

*Circuit* (2013). Database transaction log on the NYSE are clear evidence when

19

comparing the monetary transaction versus the screenshots of the records which

20

are not congruent as of today's date. Referring to the price outputted by the

21

public records. Not only the transnational liable but making the NYSE  Liable

22

as well onto being guilty by association and co-conspirer by aiding the

23

defendant onto such task.

24

25

26

27

28

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

### § F-1-5-3)          CONSPIRACY TO COMMIT FRAUD

By continuing their deceiving practices and bad business added the willful engagement in criminal conduct defined as fraud. Apple Inc. became liable for Conspiracy to commit fraud. *US v. Rashid* 383 F. 3d 769 - Court of Appeals, 8th Circuit (2004). A form of constructive fraud. *Salahutdin v. Valley of California, Inc.* Cal. App. 4th 555, 29 Cal. Rptr. 2d 463 - Cal: Court of Appeal, 1st (1994); *Ford v. Shearson Lehman American Express, Inc.* 180 Cal. App. 3d 1011, 225 Cal. Rptr - Cal: Court of Appeal, 2nd (1986).

### § F-1-5-4)          CONSPIRACY TO DEFRAUD INVESTORS

The company by violation the Anti Fraud Act transgressed on the integrity and security of investors a form of defrauding investors. Plaintiff initial contribution of an intangible asset which was solidified was defrauded by Apple Inc. *Skilling v. US* 130 S. Ct. 2896, 561 *US* 358, 177 L. Ed. 2d 619 - Supreme Court (2010).

### § F-1-5-5)          CONSPIRACY TO DEPRIVE FROM CONSTITUTIONAL RIGHTS

#### § F-1-5-5-1)     The Email Account

A person who has been deprived from its rights its victim of a conspiracy, concerning to their property. By keeping the email account locked and not outputting a viable solution to access the email account the transnational is violation plaintiff constitutional rights. Plaintiff exhausted the administrative remedies within company policy with a truncated intent to solve it with no luck.

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

The constitutional transgression then morphs to be a conspiracy to deprive a person from its constitutional rights. *US v. McQueen* 727 F. 3d 1144 - Court of Appeals, 11th Circuit (2013). Added the facts of being able to profit intellectual property which transgresses onto plaintiff rights to own and profit from its intellectual property. **Plaintiff as a person has rights, is a fact. The inalienable right to property is one of this rights.** Stimson Mill Co. v. Braun, 136 Cal. 122, 68 P. 481 (1902). Rights of owners concerning property as defined in California Penal Code §732. Plaintiff's property like the purchase on The App Store. Software Logic Industry Standard for the Music Industry. **This slowed down production on Plaintiff's new releases** for music. Plaintiff is a songwriter for The American Society of writers and Composers **(ASCAP)** added Final Cut Video Editing software and other purchases like VmWare, Apple Server Software which Apple Inc. made plaintiff pay for twice.

### § F-1-5-5-2)   <u>The Patent</u>

A patent considered an intangible asset and intangible asset considered to be property. Plaintiff has the right to hold to his property *Cammeyer v. Newton* 94 US 225, 24 L. Ed. 72 - Supreme Court (1877). **Plaintiff has the right to profit from intangible assets. This implies the right to sell patents.** ex parte Quarg, 149 Cal. 79, 84 P. 766, 149 Ca 1 (Supreme Court 1906) Plaintiff when deceived and victim of fraud was deprived from this right. A patent is property, depriving a person from their innovations and from profiting out the invention is a transgression anyone inalienable rights. The rights to patent by innovator. *United States v. Dubilier Condenser Corp.* 289 US 178, 53 S. Ct. 554, 77 L. Ed. 1114 - Supreme Court (1933).

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

Within the scope of the project which was in it's conception to safeguard and secure the identity of the users, plaintiff objective was to implement the technology designed for The United States of America. To later develop the market with government entities. Apple Inc. by depriving plaintiff from this rights, transgressed on conspiracy, which depicts the scenario of trespassing in government plans and or patents for the government. *US v. Rehak* 589 F. 3d 965 - Court of Appeals, 8th Circuit (2009). **Plaintiff deals with patents for governments.** Plaintiff as a sovereign entity entitled to protect *Laws of Nations Vattel Chapter VII Of Commerce (1758) §109* as a sovereign person, plaintiff brings causes forward with animus of protecting property.

§ F-1-5-6)                      **PUBLIC CORRUPTION**

Given the **tangible fact of the company being a public entity** and the criminal transgressions by the company, plausibility onto igniting causes for Public Corruption are adequate. *Nixon v. Shrink Missouri Government PAC* 528 US 377, 120 S. Ct. 897, 145 L. Ed. 2d 886 - Supreme Court (2000). The company's market capital went from $o.8T to $1.12T in the last of the third quarter and the begini of the fourth quarter as of today's date. Odd fluctuations on the market capital are noticed as anomalies in fluctuation without proper documentation or justification of the company's income and outcome months of September to October. **The company has failed to cooperate in the ongoing investigations further more ignores the queries asked.** Important vital queries that are crucial for fact proving within discovery. The price per share after the stock split went from $95.00 Dollars to $224.00. The company de facto made a public new about an investor selling his holding in shares. The numbers don't match the investor in which the company gave notice as of October 7  was mare sum of $108M nothing compared to the fluctuating values of the Dates record of

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

from September 24th to 27th (2018). The market capital fluctuated in significant variation of $.2T a significant $.1T from the $1.08T. On October 1 the market capital went up to $1.10T without relevant notice of where did the money came in to the company the Price on the shares were "raising and drop" from a X̄ of 213 to 224 current price as of October 7 2018. From October 4th to October 5th Overnight market capital went missing at significant sum of .2T from 1.10T to $1.08T a $.1T was justified as holdings sold by an investor but the deficit is obvious, and the lack of given notice and transparency of the company outputting the proper news to the market. Furthermore the disappearing of the public records from the serves on the brokers and the NYSE from where the Stock was selling at 600+ and the market capital the same. The repetitive patterns on the internal management of the company recurring in non-transparent practices de facto a fact to bring to the table. The public records are available to everyone. When public records go missing and **plaintiff's brokerage account** is the only piece of evidence is alarming. Disregard if the corruption is rooted on employee misconduct driven by animus felonicus or internal and managerial defective practices, is de facto Public Corruption and a Scheme. Public corruption schemes are de facto a Federal Crime as per  F.B.I. publications, records and investigation. Furthermore Worth to mention Apple Inc. participates and facilitates the distribution of marijuana by allowing the application WeedMaps. A Federal negligence in which the users are allowed to search "clandestine distribution points" in which you go to a place that majority of times does business under a fictitious name.  Cooperating and being an accessory to conspiracy to distribute marijuana is de facto a contributing factor to raise a cause of cooperating in corrupted practices. _US v. Rutherford_, 824 F.2d 831 (10th Cir. 1987). Plaintiff questions why does the company approves the application when sent for approval on iTunes Connect.

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

§ G)            <u>**CONSTITUTIONAL TRANSGRESSIONS ROOTED ON THE EVENT**</u>

        With utmost respect plaintiff herein seeks to bring to the light of
jurisprudence the constitutional transgressions committed by Apple Inc.
*"The Constitutional guarantee of equal protection of the laws has been
judicially defined to mean that no person or class of persons shall be denied
the same protection of the laws which is enjoyed by other persons or other
classes in like circumstances in their lives, liberty and property and in their
pursuit of happiness."* <u>People v. Romo</u> *534 P. 2d 1015, 14 Cal. 3d 189, 121 Cal.
Rptr Cal Supreme (1975).* You're Freedom of will, your pursuit of perfection,
the integrity one's self as a person and the wellbeing guaranteed by financial
success from profiting from your inventions are safeguarded by the constitution
of The United States of America. **We as people have the right of feeling safe
and being safe**, to having peace of mind that your thoughts which translates to
assets are safeguarded properly. It is **a fact** that *"We as people have the right
to protect our property"* <u>*Billings v. Hall, 7 Cal. 1 (1857).*</u> The inalienable
rights in general, in which we are protected; constitutional rights <u>*Imbler v.*</u>
<u>*Pachtman*</u> *424 US 409, 96 S. Ct. 984, 47 L. Ed. 2d 128 Supreme Court (1976).*

        Plaintiff's email address as of today's date is sabotaged and hacked.
Plaintiff has no access to his iCloud Account which deprives him from its
constitutional rights of accessing his previous purchases (personal property)
furthermore **the evidence which proves this case to be plausible is contained on
plaintiff's email**. Plaintiff attempted several times to solve with Apple's
customer service department by calling 1-800-MY-APPLE and at the local Apple
store, with no luck. Part and elements of an existing conspiracy. *"Willfulness
requires a showing that the totality of the circumstances evince the egregious
conduct that constitutes willful infringement"* <u>*nCube Corp. v. Seachange*</u>
<u>*Intern., Inc.*</u> *436 F. 3d 1317 - Court of Appeals, Federal Circuit (2006).*
Plaintiff de facto exhausted the administrative remedies when trying to give
solution to the causes before igniting judicial process. Apple Inc. was

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

uncooperative. **Defendants transgressions over plaintiff third party rights factual** *Smith v. Buege* 387 SE 2d 109, 182 W. Va. 204 - W Va: Supreme Court of Appeals (1989).

Every person enjoys the right to feel safe and secure to have the peace of mind and *Laws of Nations Vattel Chapter VII Of Commerce (1758) §49* right to security "*In Vain does nature prescribed to the nations as well as to individual the care of their self-preservations and of advancing their own perfection & happiness if it does no to give them a right preserved themselves from everything... a moral power actionable right of preservation from all injury...The right to security*". **Plaintiff as innovator has rights. "The conception of the invention belongs to the thinker".** *Smith v. Nichols* 88 US 112, 22 L. Ed. 566 - Supreme Court (1875). **Fact this rights were absolutely transgressed by Apple Inc.**

## § H)                                   **TORTS**

A claim for torts may be brought henceforth against Apple Inc. *Federal Tort Claims Act (28 U.S.C §§ 1346(b), 2671-2680 Prosser & Keetonon the law of torts § 1, at 2-3 (5th ed 1984)* **Plaintiff seeks to file the several following counts of torts of law, with animus of making an initial tort claim.** *Westfall v. Erwin* 484 US 292, 108 S. Ct. 580, 98 L. Ed. 2d 619 - Supreme Court (1988). The United States Government when implementing the English Law Judicial Model. *Liverpool Marine Credit Co. v. Hunter,* 3 Ch. App. 479, 4 Eq. 62 (1868).

The actions of the transnational gives feasibility to bring forward actionable torts *Pyrmont Ltd. v. Schott,* 1939 A.C. 145 (1939). A corporation is liable for torts *Carbice Corp. of America v. America Patents Development Corp.* 283 US 27, 51 S. Ct. 334, 75 L. Ed. 819 - Supreme Court (1931). By engaging in willful malfeasant acts to jurisprudence and plenty of transgression to statues of the law. Apple Inc. is liable

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

for intentional torts, hence the transgression were made by its employees "*A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee.*" <u>Alma W. v. Oakland Unified School Dist.</u> *123 Cal. App. 3d 133, 176 Cal. Rptr Appeal, 1st Appellate Dist (1981).*

### § H-1)   <u>BUSINESS TORTS</u>

For the moral turpitude rooted on criminal transgressions by Apple Inc. business torts factual. <u>Lumley v. Gye, 2 E. & B. 216 (1853);</u> De facto Apple Inc. is a business therefore business torts are applicable on the aforementioned pled causes. The engagement in tortious conduct gives plausibility for business torts.

### § H-2)   <u>PERSONAL TORTS</u>

For if a person is distressed for when victim of a several crimes against such, a person is entitled to claim personal torts. <u>Meads v. Citicorp Credit Services, Inc.</u> *686 F. Supp. 330 - Dist. Court, SD Georgia (1988)*. Given the fact of the patent trolled and the embezzlement of the intellectual property plaintiff went into a financial hardship. As copyright holder from the patents for if Apple Inc. would've have rejected the business offer, plaintiff would've seek to establish business with other manufacturer which would have gladly open doors to plaintiff's innovation. **The condition of plaintiff after infringement is to be taken into account.** <u>Kaufman Co., Inc. v. Lantech, Inc</u> *926 F. 2d 1136 - Court of Appeals, Federal Circuit (1991)*. **What if plaintiff's would have not been embezzled and trolled? Plaintiff financial success would have not been stalled and the economic harm would have been not. Plaintiff's financial harm was such that plaintiff, when unwanted and unwelcome became homeless. The**

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

condition of plaintiff else if the transgressions would've being the opposite. Facts sufficient to sustain a claim for personal torts _Aro Mfg. Co. v. Convertible Top Replacement Co._ 377 US 476, 84 S. Ct. 1526, 12 L. Ed. 2d 457 - Supreme Court (1964); _Hedlund v. Superior Court_ 669 P. 2d 41, 34 Cal. 3d 695, 194 Cal. Rptr Supreme Court (1983). **"Highly unpleasant mental reaction such a fright, horror, grief, shame, humiliation, embarrassment, anger,disappointment or worry"** _Fletcher v. Western National Life Ins. Co._ Cal. App. 3d 376, 89 Cal. Rptr. 78 - Cal: Court of Appeal, 4th (1970).

   The fact of plaintiff becoming pauperris and homeless an embarrassing act rooted on the causes of the financial harm which branches from the transgressions against plaintiff. The ordeal when plaintiff having to beg for money on the streets to afford prints and other various expenses not covered by the basic welfare de facto a personal tort. Disregard current plaintiff's condition this condition This claim valid as per **Atty. Gen 1953 Gov Code §54950-§54958** San _Francisco v. Collins_ 216 Cal. 187, 13 P. 2d 912 - Supreme Court (1932); C.C.P 425.11 **Something personal like reputation or feelings as distinguished from an injury or damages to a person a torts of law C.J.S Torts §90**

### § H-3)   CONSTITUTIONAL TORTS

   **COUNT (1):** A person may claim a constitutional tort for depriving this person the right to profiting from it's property. A patent is personal property an asset. **COUNT (2):** The right to access one's property. Plaintiff locked email account to access his emails and purchases de facto a constitutional tort. **COUNT(3):** The right to feel safe and have piece of mind when safeguarding personal assets. **COUNT(4):** The right to due process of law. By implementing a patent foreign to their intellect, other's intellectual property without previous negotiation to the profitability of such invention Apple Inc. deprived plaintiff from due process of its inalienable rights. The blatant vague

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

responses a transgression to the 14th Amendment of the constitution. *Old Island Fumigation, Inc. v. Barbee* 604 So. 2d 1246 - Fla: Dist. Court of Appeals, 3rd Dist.(1992) *Constitutional tort violation of one's constitutional rights, redressable by civil action.* 42 U.S.C.A § 1983 § § 74-87

## § H-4)  DIGNITARY TORTS

The embarrassment of plaintiff financial failure rooted on the criminal transgressions aforementioned a dignitary tort. *"Including the involving injury to one's reputation or honor. A dignitary tort of law"* *Paul v. Davis*, 424 U.S. 693, 96 S. Ct. 1155, 47 L. Ed. 2d 405 (1976). Plaintiff dignity affected by taunting prejudice attacking the credibility as to whether plaintiff was the original inventor or not, a dignitary tort to one's reputation. Not just an uncomfortable annoying and vexing situation. The chain of unfolding events parallel to plaintiff's life's event an ordeal undermined do to financial suffering.

## § H-5)  PRIMA FACIE TORT

An unjustified **intentional infliction** of harm upon another person resulting in damages by the public entity upon Apple Inc. by willfully trolling patents from plaintiff's intellectual property. Apple Inc. then identified as tortfeasors falls into the vicarious liability of tortious act. The transnational *animus domini* was a tort of law hence the patent for its products was obtain by a criminal transgression.  Driven by *animus furandi* the transnational proceeded to sell a trolled patent as of today's date. Factual implementation of best seller products current on the market harmed plaintiff financially. The non-responsiveness of Apple Inc. and failure to take

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

plaintiff's will into consideration *Dole Food Co., Inc. v. Watts,* 303 F.3d 1104 (9th Cir. 2002); *Chen v. US,* 854 F.2d 622 (2d Cir. 1988).

## § H-6)   FALSE ADVERTISING

Some devices came out to the market. Apple Inc. by printing on the devices *"Designed by Apple Inc.* "*in Cupertino CA."* The company false advertised. **Civ Code §1170(9)(13) describes false advertising. Making false or misleading statement.** Plaintiff is seeking all devices that fall onto that instance of the variable, for if existing still in circulation; to be turned in and users to get a brand new device with the true statement printed in the back *"Designed by Apple Inc. in Upland CA".*

This includes all the generations for iPad Mini and, iPhone 5 added a special version of the products, and for the next version of the upcoming products to just advertise *designed in California,* for if intellectual property of future designs by plaintiff; shall remain within the United States of America. Lanham Act, 15 USC § 1125(a) "an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations. Static Control has adequately pleaded both elements".   *"False advertising shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act."* *Lexmark Intern. v. Static Control,* 134 S. Ct. 1377, 572 U.S., 188 L. Ed. 2d 392 (2014).

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

# § I)                              **MOTIONS**

## § I-1)   **MOTION TO PROSECUTE FOR CRIMINAL LIABILITIES**

Plaintiff by this means moves the court and politely implores your honor for justice to be served. Plaintiff *animus is capiendi*. To issue warrants for the arrest of the involved parties as defined in California Penal Code §814 *Moores v. Greenberg* 834 F. 2d 1105 - Court of Appeals, 1st Circuit (1987). Liabilities rooted on the criminal negligence. Gives grounds for prosecution of the parties involved within Apple Inc. Plaintiff seeks the criminal prosecution for the blatant actions disgraceful to jurisprudence of all the previously pled criminal transgressions. **Liability on accountants** the elements of the crime for the causes pled to be sufficient enough to sustain a criminal conviction. To any criminal action a liability then exists. *Manville Sales Corp. v. Paramount Systems, Inc.* 917 F. 2d 544 - Court of Appeals, Federal Circuit (1990) *"Assignee of patent may prosecute"*. *Littlefield v. Perry, 1874, 21 Wall. 205, 88 U.S. 205, 22 L.Ed. 577* (1875). Plaintiff demands from defendant to cooperate on the investigation to avoid further legal actions.

## § I-2)   **MOTION FOR SANCTIONS**

Plaintiff by this means seeks for the entity to be sanctioned as Connoisseurs discretion *Chambers v. Nasco, Inc.* 501 US 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 - Supreme Court *(1991)*.

Plaintiff herein moves the court to sustain this motion on the following grounds: For every wrong doing and transgression to the law, the existence of punishment must be. *Laws of Nations Vattel Chapter VII Of Commerce (1758)* §69 *The right of punishing the unjust.*

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

§ I-3)   **MOTION TO INTRODUCE WEBSITE AS EVIDENCE**

Artistic composition are admissible as evidence in a court of law according

§ I-4-1) Patterns applied to jurisprudence and the alarm that fraud ignites https://soundcloud.com/gantiesongs/disturbia-and-echoes-r "SUAP RENCANA" Translates form Indonesia To Public Corruption.

§ I-4-2) Digital paintings docummenting conspiracy https://twitter.com/DesignerGantie/status/93356601686445260 https://twitter.com/DesignerGantie/status/93345416071166361

§ J)                              **DAMAGES**

This section provides plaintiff animus recuperandi for all damages applicable in light of the law. Plaintiff is entitled for damages, per malfeasance to jurisprudence. _Arnold v. Hopkins_, 203 Cal. 553, 265 P. 223 (1928). Plaintiff seeks the evil intent to be remedied. The proposed remedy variates.  Plaintiff seeks monetary relief to be sought, the full payment of **damages to be recovered globally.** The defendant has the money obligation of converting foreign money _In re Bonacina, 1912 Ch. 2 394 (1912)._ Plaintiff is open to negotiation of swap of commodity. **Plaintiff seeks Transfer of ownership and allocation of substantial percentage of the company's ownership** _Alcock v. Smith,_ Ch. 1 238, 1 Ch. 238 (1892).  Plaintiff seeks to obtain from Apple Inc. the business records which contain the statistics of the entire sales of the product per country aforementioned trolled patents, to be disclosed virtually from the internal system of the company **not in printed records.** Plaintiff seeks to stipulate a set price on the damages to be calculate hence the number is a variable and not a static number. Plaintiff seeks damages on the equity of common stock at market value compensation -> _CCP §1249 right to actual value_ _City of Los Angeles v. Pomeroy_, 124 Cal. 597, 57 P. 585 (1899).  The

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

*market value must calculated live in person with the search SQL query, to*
*calculate a negotiated percentage of "damage per sold unit" The following query*
*should be **SELECT \* FROM WHERE PRODUCT LIKE** iPhone 5S, iPhone SE, iPhone 6,*
iPhone 6 Plus, iPhone 6S, iPhone 6S Plus, iPhone 7, iPhone 7 Plus, **iPad mini 2**,
iPad mini 3, iPad mini 4, iPad Air 2, iPad Pro 12.9 1G, iPad Pro 9.7, iPad Pro
10.5, iPad Pro 12.9 2G iPad (2017), iPad (2018), iPhone 8, iPhone 8 **plus and**
**any other version which was not produced for American market.** This includes
Asia, Europe and Canada and any other country in the world.

   **Percentage of the defendant net worth to be negotiated as damages from the**
**total global sales.** *Walker v. Signal Companies, Inc.* *84 Cal. App. 3d 982, 149*
*Cal. Rptr .  Cal: Court of Appeal, 4th (1978).*


   *After stating facts plaintiff seeks damages in which by law is entitled*
*to **Dammert v. Osborn, 140 NY 30 - (1893). Plaintiff seeks to recuperate damages***
***from the sales abroad including all the countries in which the transational***
***conducted business.*** *"Plaintiff is entitled to recollect from foreign*
*countries, money received by defendant" **Currie v. Bircham,** 1 D. & R. 35, 1*
*Dowl. & Ry. 35 (1822).* As per California Penal Code § 637.2 Civil action is
permitted. The amount of damages done by defendant is uncertain hence it
variates on a daily basis according to the end of sales at close, an
exponential number of a well-designed self-sustained economic model versus
innovation, which pertains to the effect of the use upon the potential market
for or value of the copyrighted work.


### § J-1)   DAMAGES FOR PATENT TROLLING AND COPYRIGHTS INFRINGEMENT


       For if the company produced substantial growth rooted on sells of the
trolled new features offered of as new products plaintiff entitled to damages.
"adequate to compensate for the infringement" *Atlas-Pacific Engineering Co. v.*
*Geo. W. Ashlock Co.* *339 F. 2d 288 - Court of Appeals, (9th Circuit  1964)*

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

Plausibility to this claim giving ground for plaintiff to demand damages and affirmative relief sought from the public entity, true as per past decisions the court has made. *Perreca v. Gluck* 295 F. 3d 215 - *Court of Appeals, (2nd Circuit 2002)*. The profits resulting from an implemented innovation pertaining to plaintiff, translates to damages, financial losses. A transgression then defined which deflects a consequent liability due to plaintiff, giving preponderance to a prima facie tort and intentional tort by Apple Inc.

"*Plaintiff elected to seek statutory damages under 17 U.S.C. § 504(c)(1)*". *BMG Music v. Gonzalez* 430 F. 3d 888 - *Court of Appeals, 7th Circuit, 658 F. 3d 1150 - Court of Appeals, 9th Circuit (2005)*. Plaintiff seeks monetary relief to be sought calculated on a percentage of every single unit sold post implementing the fingerprint scanner. "*Percentage may be awarded for willful infringement*" *Underwater Devices Inc. v. Morrison-Knudsen Co.* 717 F. 2d 1380 - *Court of Appeals, Federal Circuit (1983)*.

**Plaintiff seeks precision on the damages.** "*The amount of lost profits awarded cannot be speculative but the amount need not be proven with unerring precision*". *Bio-Rad Laboratories v. Nicolet Instrument Corp.* 739 F. 2d 604 - *Court of Appeals, Federal Circuit (1984)*. 35 U.S.C. § 284, permits the court to increase the assessed damages up to three times. Plaintiff seeks three times the damages *for infringement*. Plaintiff is entitled to damages *Mformation Techs., Inc. v. Research in Motion Ltd.* 830 F. Supp. 2d 815 - *Dist. Court, ND California (2011)*. **Full compensation for damages** "*damages adequate to compensate for the infringement*" *General Motors Corp. v. Devex Corp* 461 US 648, 103 S. Ct. 2058, 76 L. Ed. 2d 211 - *Supreme Court (1968)*. Plaintiff having the original digital file depicting the copyrighted intellectual property of the implementation of Touch ID makes plaintiff the owner of the innovation "*Owner may recover damages*" *TWM Mfg. Co., Inc. v. Dura Corp.* 789 F. 2d 895 - *Court of Appeals, Federal Circuit (1986)*. Plaintiff herein seeks monetary relief to be sought for **willful infringement** *McLaughlin v. Richland Shoe Co.* 486 US 128, 108 S. Ct. 1677, 100 L. Ed. 2d 115 - *Supreme Court (1988)*. **Evidence**

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

which gives preponderance to prove the plaintiff's claim to be true is factual and existent. "*Demonstrations of infringing activity along with avowals of the infringing purpose and use for which it was made supported liability for patent infringement. The classic case of direct evidence of unlawful purpose occurs when one induces commission of infringement by another, or "entices or persuades another" to infringe*". Black's Law Dictionary 790 (8th ed. 2004), as by advertising. **Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.** *545 US 913, 125 S. Ct. 2764, 162 L. Ed. 2d 781 - Supreme Court (2005)*. "*The statute makes it unlawful for any person to use use the same of one as a duplicate for the purpose of sale any manufactured vessel hull or component part of a vessel made by another without the written permission of that other person." § 559.94(2). The statute also makes it unlawful for a person to "knowingly sell a vessel hull or component part of a vessel duplicated in violation of subsection (2)§ 559.94(3). Damages, injunctive relief, "Any person who suffers injury or damage as the result of a violation" of the statute. § 559.94(4). The statute was made applicable to vessel hulls or component parts duplicated through the use of direct molding after July 1, 1983. § 559.94(5)*". Bonito Boats, Inc. v. Thunder Craft Boats, Inc. 489 US 141 - Supreme Court (1989). "*Retroactive damages may collected from defendant by plaintiff*" Thornton v. J Jargon Co. *580 F. Supp. 2d 1261 - Dist. Court, MD Florida (2008)*. Plaintiff de facto entitled to recover may recover for infringement Moore v. Marsh *74 US 515, 19 L. Ed. 37 - Supreme Court, (1869)*. /* *There is a discrepancy on the public records when compared to the book of the year of the case law book says elsewise from online transaction records  online states 1869 on the book 1868* */

   TOTAL: $ TBN (To Be Negotiated) *For Damages*

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

§ J-2)                    **DAMAGES FOR LOSS OF PROFITS**

    Plaintiff seeks full compensation for damages on loss of profits for every
business transaction in which the transnational engaged in selling the products
aforementioned *Rite-Hite Corp. v. Kelley Co., Inc.* 56 F. 3d 1538 - Court of
*Appeals, Federal Circuit (1995).* "*Plaintiff is entitled to revenue for innovation
and damages to be awarded*". *TECHNOLOGIES, SA v. Cyrano, Inc.* 460 F. Supp. 2d 197 -
*Dist. Court, D. Massachusetts (2006).* For if an injury harm and loss is factual, a
compensation for such harm is due *Neal v. Farmers Ins. Exchange* 582 P. 2d 980, 21
*Cal. 3d 910, 148 Cal. Rptr - Cal: Supreme (1978).* **"Plaintiff may negotiate ratios"**
*Century Sur. Co. v. Polisso* 43 Cal. Rptr. 3d 468, 139 Cal. App. 4th - Cal: Court
*of Appeal, 3rd (2006).* Plaintiff seeks to regain gross revenues attributed to
infringement *Davis v. The Gap, Inc.* 246 F. 3d 152 - Court of Appeals, 2nd Circuit
*(2001).*

    *TOTAL: $ TBN (To Be Negotiated) For Damages.*


§ J-3)              **DAMAGES FOR BEEN VICTIM OF CONSPIRACY**

    Plaintiff seeks to move the court to impose sanctions to the entity
seeking monetary retribution rooted on the counts of conspiracy committed by
the transnational. At Plaintiff entitled to relief when victim of a
conspiracy half a *billion dollars for each count of conspiracy.* ***Domanus v.***
***Lewicki*** *742 F. 3d 290 - Court of Appeals, 7th Circuit (2014).* Damages caused
by civil conspiracy are measured under new Mexico Law  *Advanced Optics*
*Electronics, Inc. v. Robins* 769 F. Supp. 2d 1285 - Dist. Court, D. New
*Mexico (2010).* Elements of a conspiracy may be proven by direct and
circumstantial evidence.

    *TOTAL: $3.5B For Conspiracy Damages*


**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

§ J-4)                    **DAMAGES FOR BEEN VICTIM OF EMBEZZLEMENT**

    The company experienced growth of almost 269.512195122 %. The market
capital substantially increased to $1.08T as of September 14 2018 by October
2 2018 the company market capital went to $1.12T a substantial amount from
2012 to 2018. The market capital mainly came from the sale of the devices
and from manipulating the price per share at a incremental rate from $95.00
to $232.00. This facts may be corroborated with financials statements
outputed by the company *Grain Processing Corp. v. American Maize-Products*
*185 F. 3d 1341 - Court of Appeals, Federal Circuit (1999)*. Plaintiff is
seeking monetary compensation for the **variable amount to be calculated.** The
correct amount would be a **substantial percentage of the entire market**
**capital** on the sales generated by the total amount of **units sold globally** by
the company, units sold after implementation. Plaintiff is entitled to
recover damages and loss of profits *Poly-America, LP v. GSE Lining*
*Technology, Inc.* *383 F. 3d 1303 - Court of Appeals, Federal Circuit (2004).*

    For if infringement true, which is so in this case; plaintiff is
entitled to compensation for every single unit sold *Panduit Corp. v.*
*Stahlin Bros. Fibre Works* *575 F. 2d 1152 - Court of Appeals, 6th Circuit*
*(1978).* The panduit formula which depicts the **total of units sold minus**
**the units returned divided by**… Plaintiff animus recuperandi
lawful  *Scripto-Tokai Corp. v. Gillette Co.* *788 F. Supp. 439, 22 USPQ 2d*
*1678 - Dist. Court, CD California (1992). "Plaintiff is entitled to*
*recuperate multiple damages and to recover damages globalwise". "Defendant*
*must be specific about costs"* *Frank Music Corp. v. Metro-Goldwyn-Mayer,*
*Inc.* *772 F. 2d 505 - Court of Appeals, (9th Circuit 1985).*

    *TOTAL: A VARIABLE NUMBER TO BE CALCULATE WITH PANDUIT FORMULA*

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

### § J-5)    DAMAGES FOR BEEN VICTIM OF FRAUD

Plaintiff is entitled to recover damages to the existing liability of the transgression of the statues that defines fraud, *Exxon Shipping Co. v. Baker 554 US 471, 128 S. Ct. 2605, 171 L. Ed. 2d 570 Supreme Court (2008).* Added the immediate order to modify corporate policy for unsolicited ideas which is a vicarious criminal liability. Plaintiff was deceived for six years. Plaintiff seeks to recuperate damages to be paid in full. Two and half billion dollars per year. *$2.5 billion times six years.*

*TOTAL: 15 Billion Dollars.*

### § J-6) DAMAGES FOR TORTS

Plaintiff herein seeks full compensation for all the aforementioned damages. Defendant in due liability for compensation factual and plaintiff's request plausible. A total amount of

**9 counts of** torts of law.


### § J-6-1)          DAMAGES FOR BUSINESS TORTS


The existing transgressions to jurisprudence and the factual grounds of defendant de facto a public entity Plaintiff makes a claim to recuperate damages for business torts plausible. *Texaco, Inc. v. Pennzoil Co. 729 SW 2d 768 - Tex: Court of Appeals (1987).*

*$1B Times 19 (Total Number of Products Which Contained the Feature).* A reasonable amount to not put the company in a financial deficit. *TOTAL: $19B the company would be in debt.*

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

### § J-6-2)         DAMAGES PERSONAL TORTS

Plaintiff seeks to recover maximum damages for every transgression to a malfeasance of jurisprudence defined as a tort of law. The existing due damage is factual. *"Plaintiff is entitled to collect damages for torts of law"* College Hospital Inc. v. Superior Court *882 P. 2d 894, 8 Cal. 4th 704, 34 Cal. Rptr. 2d Supreme Court (1994). "For when blame substantial and evident in most favorable light of plaintiffs true and tangible evidence supports the initial complaint it gives grounds to sustaining the claim without leave to amend "* **Plaintiff is entitled to damages for harm.** Holdgrafer v. Unocal Corp. *73 Cal. Rptr. 3d 216, 160 Cal. App. 4th - Cal: Court of Appeal, 2nd. (2008).*

**Emotional distressing a person is unlawful an ordeal, damages may be recovered for such** Mendez v. County of San Bernardino *540 F. 3d 1109 Court of Appeals, 9th Circuit (2008). "Intentional infliction of emotional distress is to be a valid actionable tort"* plausibility on plaintiff recuperating damages for such Capelouto v. Kaiser Foundation Hospitals *500 P. 2d 880, 7 Cal. 3d 889, 103 Cal. Rptr - Cal Supreme.(1972);* **Krouse v. Graham** *562 P. 2d 1022, 19 Cal. 3d 59, 137 Cal. Rptr - Cal: Supreme (1977);* Reader's Digest Assn. v. Superior Court *690 P. 2d 610, 37 Cal. 3d 244, 208 Cal. Rptr Supreme Court (1984);* Bains LLC v. Arco Products Co. *405 F. 3d 764 - Court of Appeals, 9th Circuit (2005). An amount calculated on the average price for torts $40,000 multiplied by the amount of years (six years) since release per count of tort per count.*

*TOTAL: $240,000*

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

### § J-6-3) <u>DAMAGES FOR TORTS AND CONSTITUTIONAL RIGHTS VIOLATIONS</u>

Plaintiff herein seeks to recover damages from defendant. And constitutional rights violations by defendant transgressions. Plaintiff by this means seeks full compensation maximum damages on constitutional rights transgressions, added factual petition seeking the defendant to unlock the iCloud account mrgant@me.com de link the original flawed hacked and compromised account a.argueta.art@gmail.com and restructure better the algorithms that allow people to recuperate an gain access to their accounts. *$240,000 an amount calculated on the average price for torts $40,000 multiplied by the amount of years (six years) since release per count of tort **per count** (4 counts)*

*TOTAL $240,000 * 4 = $960,000.000*

### § J-6-4)         DAMAGES FOR DIGNITARY TORTS

Plaintiff herein seeks maximum damages and affirmative relief to be sought for dignitary torts for the "*intentional wrongdoing and the ripple effect of rooted ordeal and certain kinds of indignities". TOTAL:$1.7M*

### § J-6-5)         DAMAGES FOR PRIMA FACIE TORT

Plaintiff herein seeks maximum damages and affirmative relief to be sought for prima facie torts, for the "*Infliction of intentional. harm, resulting in damages, without excuse or justification, by an act". An amount calculated on the average price for torts $40,000 multiplied by the amount of years (six years) since release per count of tort per count. TOTAL: $240,000*

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

§ J-6-6)          **DAMAGES FOR FALSE ADVERTISING**

Plaintiff herein seeks maximum damages and affirmative relief to be sought for false advertising torts, for printing in the back of the products designed in Cupertino as a false statement. *Boosey & Hawkes Music Publishers v. Walt Disney* 934 F. Supp. 119 - Dist. Court, SD New York, (1996). Plaintiff entitled to damages.

TOTAL $3,200

§ J-6-7)          **TOTAL AMOUNT ON DAMAGES**

GRAND TOTAL =
*TBN* + *TBN* + $3.5B + *PANDUIT* + $15B + $19B + $240K+ $960K+ $1.7M + $240K $3.2K
+NON ECONOMIC DAMAGES
+PUNITIVE DAMAGES
+FOREIGN SALES [TBC]


§ K)                      <u>**CIVIL PENALTIES**</u>

Driven by animus capiendi plaintiff seeks to assess the civil Liability described under **U.S.C Title 18 § 1961- § 1968** *SEDIMA, SPRL v. Imrex Co., Inc.* 741 F. 2d 482 - Court of Appeals, 2nd Circuit (1984). The transgression on a statue of the law which describes a criminal action gives grounds for Civil penalties under **RICO** *Tafflin v. Levitt* 493 US 455, 110 S. Ct. 792, 107 L. Ed. 2d 887 - Supreme Court (1990) *"The existing difference between awarded punitive damages and civil penalties are authorized for the same conduct"* *State Farm Mut. Automobile Ins. Co. v. Campbell* 538 US 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 - Supreme Court (2003)  Civil remedies injunction for plaintiff for as stockholder *Albert v. McGrath* 104 F. Supp. 891 - Dist. Court, SD California (1952).

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

## § L)                                **NON ECONOMIC & ECONOMIC DAMAGES**

*"For if based on levels deserving censure or condemnation. And substantiated award of non economic damages".* Roby v. McKesson Corp. *219 P. 3d 749, 47 Cal. 4th 686, 101 Cal. Rptr.  Cal: Supreme (2009) The transnational interfere with plaintiff economic advantage, plaintiff then entitled to economic damages* Di Loreto v. Shumake *38 Cal. App. 4th 35, 45 Cal. Rptr. 2d - Cal: Court of Appeal, 2nd, (1995).*

## § M)                                   **PUNITIVE DAMAGES**

*"Plaintiff is entitled to punitive damages"* Slaughter v. Legal Process & Courier Service *162 Cal. App. 3d 1236, 209 Cal. Rptr - Cal: Court of Appeal, 1st (1984) Apple Inc. as a public entity liable for damages due.* INZERILLO v. GREEN TREE SERVICING LLC *Dist. Court, ND California, (2014).*

Plaintiff is entitled for punitive damages for fraud Civil Code §3294 Suzuki Motor Corp. v. Consumers Union *of US 330 F. 3d 1110 - Court of Appeals, 9th Circuit (2003). Punitive Damages may be calculated based on severity of defendant's transgression versus the injury caused; added the financial condition* Las Palmas Associates v. Las Palmas Center Assoc *235 Cal. App. 3d 1220, 1 Cal. Rptr. 2d - Cal: Court of Appeal, 2nd. (1991).*

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

## § N)   DAMAGES FOR SALES BY NON-OWNERS DOMESTIC AND INTERNATIONAL

De facto Apple Inc. products are sold globally.
Plaintiff seeks to recollect damages from every country in
which the products were sold.

*Laws of Nations Vattel Chapter VII Of Commerce (1758)* §64

*"Obligation of all nations to cultivate justice"*

*TOTAL: TBC (TO BE CALCULATED)*

## §O)                              EVIDENCE

*"Invoked the principle that to uphold a decree for specific performance
there must be clear and convincing evidence, and not merely such evidence as
would sustain a recovery at law" Sinclair Rfg. Co. v. Jenkins Co. 289 US 689, 53
S. Ct. 736, 77 L. Ed. 1449 - Supreme Court (1933).* With utmost respect Plaintiff
seeks the cooperation of Apple Inc. to unlock the email account which contains
the digital file and original blueprint which make this complaint plausible. The
evidence speaks for itself and gives preponderance to to plaintiff causes.  *"Set
of Facts often has to be considered from the standpoint of more than one legal
consult several legal systems" United States v. Guaranty Trust Co. 69 F. 2d 799
- Circuit Court of Appeals, 2nd Circuit (1934).* Plaintiff's Brokerage account is
evidence for the case. Plaintiff moves the court to introduce and open its
brokerage account in the litigation process. Plaintiff seeks the court to make a
computer with internet and a scanner available to prove the causes and facts
brought to the light of justice. Corporation records in general are evidence.
Plaintiff Seeks to introduce the database transactions records from every
purchase made and moves to introduce them to the court as evidence. *Oppenheimer
Fund, Inc. v. Sanders 437 US 340, 98 S. Ct. 2380, 57 L. Ed. 2d 253 - Supreme
Court (1978).*

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

1    Plaintiff seeks to introduce the accounting records from the public entity as

2    evidence *La Buy v. Howes Leather Co.* 352 US 249, 77 S. Ct. 309, 1 L. Ed. 2d 290 -

3    *Supreme Court Court (1957)*. Stockholder have the right to audit a public entity. The

4    transaction records of every purchase is clear evidence that defendant did de facto

5    benefited from the innovation. The original digital file sent as digital sketch to the

6    company with integral metadata depicting the creation and implementation of new

7    product on to the market is solid substantial evidence that proves the ownership of

8    the innovation. **The discrepancy on dates when compared to release dates are factual.** A

9    simple right click on the file followed by analyzing the properties of the file will

10   show the original date created. The file may be sent to digital forensics for

11   inspection.

12   

13   The ISP transaction records proves the ownership of the email account

14   containing the evidence. mrgant@me.com was linked to his MAC mini the Mail App is tide

15   to the SMTP server from the ISP which was linked to the name of plaintiff' mother in

16   an apartment complex residential area in Upland CA. The offline copies of the email

17   accounts proves the ownership of this accounts. The routing tables and the router

18   itself are evidence for the case. This gives plausibility to the claim and supports it

19   with evidentiary matter to support such. Facts of particular cases brought within a

20   rule on legislature applicable Dominguez *Land Corp. v. Daugherty*, 196 Cal. 468, 238 P.

21   703, 238 P.2d 703 (1925). The supporting cases make the claim substantial, not riddled

22   and not bogus. It gives solidity to the claim brought before this court of law. **The**

23   **files to be introduced as evidence in court proves the claim for patent infringement**

24   **to be substantial. The fine print on the digital file proves the original owner to be**

25   **plaintiff. A patent may be claimed by it's original inventor** *Coffin v. Ogden* 85 US

26   120, 21 L. Ed. 821 - Supreme Court (1874) Other references. *Arwine v. Board of Medical*

27   *Examiners,* 91 P. 319, 151 Cal. 499 (1907); *People v. Monterey Fish Products Co.* 195 Cal. 548, 234 P.

28   398 (1925); *People v. Sacramento Drainage Dist.* 155 Cal. 373, 103 P. 207 (1909). Fact that the

     company for a prolonged period of time used the patent to profit this is considered

     evidence less than ten years *John E. Thropp's Sons Co. v. Seiberling* 264 US 320, 44 S.

1   Ct. 346, 68 L. Ed. 708 - Supreme Court (1924). "Any competent evidence direct or

2   circumstantial can be used to establish constitutional actual malice" **Herbert v. Lando**

3   441 US 153, 99 S. Ct. 1635, 60 L. Ed. 2d 115 - Supreme Court (1979). The evidence is

4   substantial to prove defendant's wrong without serious doubt about the truth of the

5   statements *St. Amant v. Thompson*

    390 U.S. 727, 88 S. Ct. 1323, 20 L. Ed. 2d 262 - Supreme Court (1968).

6

7   §P)                          <u>**CONCLUSION**</u>

8        Plaintiff seeks the court to exercise affirmative judgement for the cause

9   brought before this court. Plaintiff seeks damages paid in full. Plaintiff animus

10  recuperandi as to the transgressions and the monetary liabilities to be paid in

    full. Plaintiff seeks to assess the damages internationally within United States

11  Jurisdiction. The factual plausibility to extend territoriality beyond border

12  factual. *Laws of Nations Vattel Chapter VII Of Commerce (1758).* §92 "Every nation

13  is to choose" Plaintiff seeks to give solution at domestic level hence the causes

14  in this document took event in the State of California, this to respect the

15  precedence of the statutes of International Court of Justice.  "How far it will

16  engage in commerce (liabilities on the countries that choose to continue to

17  support the causes of the transnational). Duty of every nation". <u>Laws of Nations</u>

    <u>Vattel Chapter VII Of Commerce (1758)</u> §63 The necessity of observation of justice

18  in human society. Liabilities as describe in Labor Code §7286.9 which depicts

19  remedies, retroactive payments, mitigation, infringe benefits, injunctive and

20  other equitable relief are factual. "The Senate Committee added that the

21  "Department of Commerce believes and the Committee agrees that the remedy should

22  be available in exceptional cases, i. e., in infringement cases where the acts of

23  infringement can be characterized as `malicious,' `fraudulent,' `deliberate,' or

24  `willful.'" Sen.Rep. No. 93-1400, 93rd Cong., 2d Sess. (1974), reprinted in (1974)

25  U.S.Code Cong. and Admin.News pp. 7132, 7133, 7135 (emphasis added). <u>Vuitton Et</u>

    <u>Fils, SA v. Crown Handbags</u> 492 F. Supp. 1071 - Dist. Court, SD New York (1979).

26  Plaintiff seeks to leave the door open as of further business within the company.

27

28  **INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**

# PROOF OF SERVICE

        I declare under penalty of perjury that the statements
and causes brought to the light of jurisprudence are true. I
have solemnly said all the truth. This documents was written
while under oath by local agents, including Officers, deputy
sheriffs and others. I Gantie, was under oath during the
writing on the first initial complaint and at all times at
stages when writing this suit in law. Oath was administered
irregularly through refractions. California Penal Code §121 ,
Federal Oath administered and understood as in patterns of §123
then number 2 flashed in which we have previously agreed that
is to administer Federal oath disregard the discrepancy on
U.S.C and for the sake of convenience.

I have served this initial complaint to Apple Inc.through email
at legal@apple.com

        By method of service of was electronic.

        The documents served were:

        **Initial complaint, Discovery, Causes Damages and Motions**

                                          DATE: October 23rd 2018

International Law Attorney. (I.L.A)
GANTIE

                                          _Guillermo W Argueta_
                                          Printed name

Server's address
Post Office 333 E Arrow Hwy, Upland CA  Attention Guillermo Antonio Herrera Argueta General Delivery

All rights reserved to the legal work, research and legal precedent to the plaintiff. © 2018

**INITIAL COMPLAINT, DISCOVERY, CAUSES DAMAGES AND MOTIONS**